FILED
CLERK, U.S. DISTRICT COURT

JUL 16 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GROVE, et al.,<br><br>　　　　　Defendants. | CV 06-3110 SVW (PJWx)<br><br>ORDER ACCEPTING FINAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings filed in support of and in opposition to Defendants' Motion to Dismiss the Complaint, the records in the file, and the Final Report and Recommendation of the United States Magistrate Judge. The Court has read and considered the objections to the Final Report and adopts it as its own findings and conclusions.

The Court writes separately simply to note that in the context of a claim for retaliation in violation of the First Amendment, the law is somewhat unclear as to what extent the Plaintiff must allege a "chilling effect." In Rhodes v. Robinson, 408 F.3d 559, 562 n.11 (9th

Cir. 2005), the Ninth Circuit suggested that an allegation of a chilling effect was not strictly required under all circumstances. The court said that if the plaintiff had not alleged a chilling effect (which he had), then "perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. This language from the court's decision appears to open the door to the possibility than an allegation of harm that is "more than minimal" would be sufficient. This of course begs the question of how much harm is "more than minimal."

Because the above-quoted language from Rhodes is arguably dicta, however, and the law in this regard is relatively unsettled, the Court finds that the better course of action is to grant Defendants' Motion without prejudice so that Plaintiff can file an amended complaint to allege the required "chilling effect." Plaintiff shall have file an amended complaint no later than thirty (30) days after the date of this order.

Accordingly the Court enters the following order:

1.  Defendants' Motion to Dismiss the official capacity claims is GRANTED, with prejudice.

2.  Defendants' Motion to Dismiss the Complaint on qualified immunity grounds is DENIED.

3.  Defendants' Motion to Dismiss the Complaint for failure to exhaust is DENIED.

4.  Defendants' Motion to Dismiss the claims for retaliation is GRANTED, without prejudice to amend.

5. Defendants' Motion to Dismiss Plaintiff's excessive force and deliberate indifference claims is DENIED.

6. Defendants' Motion to Dismiss the state tort claims is GRANTED, with prejudice.

IT IS SO ORDERED.

DATED: July 9, 2009

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE